IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARS CAVI, | : |
|         Plaintiff, | : |
| v. | :   Civil Action No. 15-1211-RGA |
| EVOLVING SYSTEMS, INC., et al., | : |
|         Defendants. | : |

**MEMORANDUM ORDER**

Plaintiff filed an amended complaint against four defendants. (D.I. 24). Defendants responded with a motion to dismiss. (D.I. 28). The motion has been briefed. (D.I. 29, 31, 34). I referred it to the Magistrate Judge. (D.I. 36). She issued a lengthy Report and Recommendations. (D.I. 37). Plaintiff filed objections limited to one issue. (D.I. 39). Defendants responded. (D.I. 40).

The Magistrate Judge recommended dismissal of Plaintiff's claims for quasi-contractual relief, that is, theories based on *quantum meruit*, promissory estoppel, and unjust enrichment, because Plaintiff also pled an express contract. (D.I. 37 at 21-23). Plaintiff argues that he can plead in the alternative because the enforceability of the contract is in doubt. Defendants respond that they did not seek to dismiss the breach of contract claim and that they are not contesting the enforceability of the contract. Defendants also cite extensive Delaware case law for the proposition that, "Courts generally dismiss claims for *quantum meruit* on the pleadings when it is clear from the face of the complaint that there exists an express contract that controls." (*Id.* at 6 (quoting *Boulden v. Albiorix, Inc.*, 2013 WL 396254, *14 (Del. Ch. Jan. 31, 2013)).

Usually, when a plaintiff pleads alternative theories, it is because it wants to avoid the situation where the defendant is successful in defeating the first theory, and the plaintiff then has a fallback theory. Here, Plaintiff has pled an express contract, and Defendants are conceding the express contract controls. "Here, there is no dispute that there was an express contract between the [parties]." [1] That places Plaintiff in the unusual position of suggesting that Plaintiff might argue that the contract is unenforceable. Plaintiff makes this suggestion based on the fact that Plaintiff is also pursuing a fraudulent inducement claim. If Plaintiff is successful on the fraudulent inducement claim, it might be that the breach of contract claim makes no sense. It further might be that a separate quasi-contract claim might add some remedy not included within the remedy for fraudulent inducement.

Were this a case filed in state court, I am not convinced that the state court would dismiss the quasi-contract claims. Under Delaware law, "it is permissible for a party to seek quasi-contractual relief in the alternative to its contract claims." *Hiller & Arban, LLC v. Reserves Mgmt., LLC*, 2016 WL 3678544, at *3 (Del. Super. Ct. July 1, 2016). Delaware state courts generally allow such alternative pleading "when there is doubt surrounding the enforceability or the existence of the contract." *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *8 (Del. Ch. Aug. 26, 2005). Regardless, I am not sure that I am bound by state court practice. "[A] federal court hearing a diversity of citizenship action [that is, a claim based on state law] should not be bound by a state law requiring that an election be made at the pleading stage, because a local practice of this type might cripple the flexible pleading provisions sanction by Rule 8(e)(2) [now, Rule 8(d)(3)] and defeat the overriding federal policy of having

---

[1] From context, I believe Defendants meant "parties," although the pleading says, "theories," which I do not see as making any sense. Defendants should advise if I have misunderstood what they meant.

disputes determined on their merits." Wright & Miller, Federal Practice & Procedure, Civil 3d § 1283, p. 735. *See Independent Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (noting that the Rule "has been interpreted to mean that a court 'may not construe [a plaintiff's] first claim as an admission against another alternative or inconsistent claim.'").

I think Plaintiff can pursue a multitude of conflicting and possibly unnecessary claims. Thus, while I am going to adopt the great bulk of the Report and Recommendations, I will not adopt the objected-to portion.

Thus, this 27 day of March 2017, IT IS HEREBY ORDERED that:

1. The Report and Recommendations (D.I. 37) is **ADOPTED** except as to sections G, H, and I (*id.* at 21-23);

2. The motion to dismiss (D.I. 28) is **GRANTED IN PART AND DENIED IN PART**;

3. All counts against Defendant Evolving Systems, Inc. are **DISMISSED**; and

4. Count IV is **DISMISSED**.

Richard G. Andrews
United States District Judge