IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LARS CAVI,

    Plaintiff,

v.

EVOLVING SYSTEMS NC, INC.,
RATEINTEGRATION, INC., AND
THOMAS THEKKETHALA,

    Defendants.

Civil Action No. 15-1211-RGA

## MEMORANDUM ORDER

Presently before the Court are Defendants' Motion to Strike the Supplemental Report, Opinions, and Testimony of Plaintiff's expert William Uchimoto (D.I. 93) and related briefing (D.I. 94, 102), Defendants' Motion to Exclude the Testimony and Opinions of Mr. Uchimoto (D.I. 89) and related briefing (D.I. 90, 92, 101), and Plaintiff's Motion for Leave to Serve a Second Supplemental Expert Report *Nunc Pro Tunc* (D.I. 108) and related briefing (D.I. 110, 112).

**First**, I will deny Defendants' motion to strike Mr. Uchimoto's supplemental report. The supplemental report apparently seeks to "clarify[] the scope" of the original report. (D.I. 94, Exh. A at p. 2). Defendants argue they are "extremely prejudiced" by its late disclosure. (D.I. 94 at 10). I do not see any prejudice. While the supplemental report appears much narrower in scope, the opinions therein appear to be consistent with those in the original report. (*Compare* D.I. 90, Exh. A, *with* D.I. 94, Exh. A). The primary difference seems to be that, now, Mr. Uchimoto characterizes his opinions as relating to "materiality, causation, and damages." (D.I.

94, Exh. A at p. 3). Otherwise, I do not see any material differences between the opinions set forth in the reports. Thus, I am hard pressed to see how Defendants are prejudiced and do not otherwise see any reason under the *Pennypack* factors to strike the report. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977) (setting forth factors to be weighed in deciding whether to exclude an untimely expert disclosure).

**Second**, I will grant in part and deny in part Defendants' motion to exclude the opinions and testimony of Mr. Uchimoto. Defendants' primary argument is that Mr. Uchimoto's proffered testimony contains improper legal opinions. (*See* D.I. 90 at 9–15; D.I. 94 at 8). Defendants additionally contend that his testimony does not meet the *Daubert* requirements of fit and reliability.[1] (D.I. 90 at 15–18; D.I. 94 at 8–9). According to Defendants, Mr. Uchimoto's reports "contain[] neither underlying methodology nor anything reflecting upon his expertise in the industry." (D.I. 90 at 16; *see also* D.I. 94 at 8–9).

In light of Mr. Uchimoto's supplemental report and the briefing, I understand Mr. Uchimoto to be offering opinions related to three issues only: (1) materiality, (2) causation, and (3) damages.[2] (*See* D.I. 94, Exh. A; D.I. 92 at 17 (stating that Mr. Uchimoto's "role is to opine on materiality, causation, and damages")).

As to materiality, it appears that Mr. Uchimoto will testify about the differences between preferred and common shares and the effect of "carve-outs." (D.I. 94, Exh. A at p. 3). Further, he will "address the attendant effect that preferred shares and carve-outs have on the actual value

---

[1] Defendants also cite the *Daubert* requirement of qualification. (*See* D.I. 90 at 15). But I do not see in Defendants' motion any argument that Mr. Uchimoto is unqualified. Rather, Defendants focus on the requirements of fit and reliability. Thus, I see no reason to address Mr. Uchimoto's qualifications.

[2] As I understand it, Plaintiff does not intend at trial to elicit from Mr. Uchimoto many of the opinions contained in his original report. For example, I do not expect Mr. Uchimoto to testify that, in his opinion, Thekkethala and RateIntegration committed violations of federal and state anti-fraud laws. (D.I. 90, Exh. A at p. 3). Nor do I expect him to testify that "Plaintiff should prevail on his securities fraud claims." (*Id.* at p. 2). Accordingly, I do not address the admissibility of those various opinions in this Memorandum Order.

2

of common shares." (*Id.* at p. 4). I understand this proffered testimony related to stock preferences and carve-outs to form the basis for Mr. Uchimoto's opinion that the representations and omissions at issue would have been viewed by a reasonable investor as having significantly altered the "total mix" of information available. (*Id.* at p. 3).

In my opinion, Mr. Uchimoto's testimony related to stock preferences and carve-outs, which I understand to be based on his thirty-six years of experience as a lawyer in the securities industry, is relevant to and will help the jury in determining the issue of materiality. *See Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 280 n.11 (3d Cir. 1992) (The materiality element of a Rule 10b-5 violation "is a mixed question of law and fact, and the delicate assessments of the inferences a reasonable shareholder would draw from a given set of facts are peculiarly for the trier of fact." (citation omitted)); Fed. R. Evid. 702. I think that to the extent preferred shares and carve-outs affect the value of common stock, the more likely misrepresentations or omissions about preferred shares and carve-outs would be important to a reasonable investor in deciding whether to purchase a company's common shares. Thus, I will not exclude Mr. Uchimoto's proffered "materiality" opinion.

I will exclude his proffered opinions on causation and damages, however.

As to causation, Mr. Uchimoto's proffered testimony seems to be that, in his opinion, the representations and omissions at issue "directly induced" Plaintiff to enter employment agreements with RateIntegration, "pursuant to which[] he received shares and options that were, at all relevant times, worthless." (D.I. 94, Exh. A at p. 4; *see also* D.I. 90, Exh. A at p. 7). This statement is conclusory and is otherwise not a proper expert opinion. It is unsupported by any technical or other specialized knowledge that would be helpful to the jury. *See* Fed. R. Evid. 702. Even if it were supported, why Plaintiff decided to work for RateIntegration is a factual

3

question on which expert testimony is unnecessary. The jury will be able to use its common sense and experience to understand the relevant testimony, and to decide whether or not to believe Plaintiff when he explains his reasons for accepting a position with the company. Thus, I will exclude Mr. Uchimoto's proffered "causation" opinion.

As to damages, Mr. Uchimoto's "analysis" amounts to nothing more than a simple math equation. He takes 5.42% of $20,000,000 to reach a total of $1,084,000. (D.I. 90, Exh. A at p. 10; D.I. 94, Exh. A at p. 4). There is no scientific, technical, or other specialized knowledge involved that would help the jury. *See* Fed. R. Evid. 702. In other words, I do not think this calculation requires an expert; the jury can do the math. Of course, Plaintiff may put on evidence in regard to the facts underlying the $1,084,000 number. He can present facts related to his 5.42% ownership of RateIntegration and Thekkethala's representation that the company was valued at $20,000,000. Plaintiff can argue at closings whatever inferences he wants the jury to draw from those facts. But Mr. Uchimoto may not testify as to his purported damages analysis.

For the reasons stated above, Defendants' motion to strike Mr. Uchimoto's supplemental report (D.I. 93) is **DENIED** and Defendants' motion to exclude the testimony of Mr. Uchimoto (D.I. 89) is **GRANTED IN PART** and **DENIED IN PART**. Mr. Uchimoto's proffered testimony related to causation and damages is **EXCLUDED**. Plaintiff's motion to serve a second supplemental expert report (D.I. 108) is **DISMISSED AS MOOT**.

It is **SO ORDERED** this 21 day of May, 2018.

*Richard G. Andrews*
United States District Judge