IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LARS CAVI,<br><br>    Plaintiff,<br><br>v.<br><br>EVOLVING SYSTEMS NC, INC.,<br>RATEINTEGRATION, INC., AND<br>THOMAS THEKKETHALA,<br><br>    Defendants. | Civil Action No. 15-1211-RGA |

## MEMORANDUM ORDER

Presently before the Court is Defendants Evolving Systems NC and RateIntegration's motion to amend their answer and add counterclaims. (D.I. 69). Plaintiff filed a response. (D.I. 72).

Defendants seek to add counterclaims against Plaintiff for unjust enrichment, fraudulent inducement, equitable fraud, and negligent misrepresentation. (D.I. 69-1, pp. 31–33 at ¶¶ 16–35). The counterclaims arise out of Plaintiff's allegedly filing false "Commission Statements," resulting in $207,869 in overpaid commissions. (*Id.*, p. 30 at ¶¶ 8–12).

Defendants filed their motion on October 23, 2017. (D.I. 69). The deadline was June 22, 2017. (D.I. 51 at 1).

A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Frères v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). "Only after having found the

requisite showing of good cause will the court consider whether the proposed amended pleading meets the standard under Fed. R. Civ. P. 15." *Intellectual Ventures I LLC v. Toshiba Corp.*, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016) (citing *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)).

As an initial matter, I think the good cause standard under Rule 16(b) has been met. In their motion, Defendants represent that they only recently discovered the factual bases supporting their proposed counterclaims. In particular, Defendants maintain that in preparing responses to Plaintiff's discovery requests in late-August 2017, Defendant RateIntegration's finance team discovered that Plaintiff had submitted several false Commission Statements resulting in $207,869 in overpaid commissions. (*See* D.I. 69 at 2–3). While it appears the facts underlying the counterclaims were in Defendants' possession prior to the expiration of the deadline to amend, it seems to me that Defendants acted diligently once they became aware of the overpaid commissions.

Having concluded Defendants have met the Rule 16(b) good cause standard, I now turn to Rule 15. Under Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, for reasons of undue delay, bad faith on part of the moving party, undue prejudice to the non-moving party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The decision to grant a motion for leave to amend is within the sound discretion of the District Court." *Winer Family Trust v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

Plaintiff's opposition to Defendants' motion to amend implicates three of the factors that weigh against permitting amendments. They are undue delay, prejudice, and futility of amendment. (*See* D.I. 72 at 13–18).

2

As to undue delay, I think Defendants' delay is "neither so egregious nor unexplained as to warrant refusal of leave to amend." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). As noted above, Defendants did not discover the facts underlying their proposed counterclaims until discovery was underway. Further, "[t]he liberality of Rule 15(a) . . . allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." *Id.* at 206. While it appears Defendants possessed the relevant facts prior to expiration of the deadline, I think the record demonstrates that Defendants acted reasonably and diligently in filing their motion relatively soon after they uncovered the unpaid commissions at issue. In any event, "[d]elay alone is not sufficient to justify denial of leave to amend." *Id.* at 204.

Further, I do not think Plaintiff is particularly prejudiced by Defendants' delay in seeking to add their counterclaims. Prejudice to the non-moving party occurs when "allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent [a party] from bringing a timely action in another jurisdiction." *Intellectual Ventures*, 2016 WL 4690384, at *1 (quoting *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). To show undue prejudice, Plaintiff must demonstrate that he will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

Here, Defendants' proposed counterclaims seem closely related to several of Plaintiff's already asserted claims related to unpaid commissions. Plaintiff claims he is owed $136,737.72 in unpaid commissions while Defendants claim Plaintiff was in fact overpaid in commissions by $207,869. In light of the interrelatedness of these claims, I do not think allowing Defendants

3

leave to amend would unfairly disadvantage Plaintiff, deprive him the opportunity to present facts related to the commissions at issue, or require him to expend significant additional resources. Nor do I think allowing leave to amend would significantly delay resolution of the dispute.

I agree with Plaintiff, however, that Defendants' proposed amendment would be futile. A proposed amendment would be futile if "the complaint as amended is frivolous, advances a claim that is legally insufficient on its face, or fails to state a claim upon which relief can be granted." *Intellectual Ventures*, 2016 WL 4690384, at *1.

In his opposition, Plaintiff argues amendment would be futile because Defendants' proposed counterclaims do not meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b) and "are otherwise barred by the applicable statute of limitations." (D.I. 72 at 16).

As to Rule 9(b), I agree with Plaintiff that Defendants' counterclaims fail to meet the heightened pleading standard required by the Rule.

As an initial matter, I agree with Plaintiff that not only must Defendants' fraudulent inducement and equitable fraud claims meet the 9(b) standard but so too must their claims for negligent misrepresentation and unjust enrichment. The heightened pleading standard required by Rule 9(b) extends to claims of negligent misrepresentation and unjust enrichment that "sound in fraud." *See Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538, 550–51 (E.D. Pa. 2014), *aff'd*, 620 F. App'x 82 (3d Cir. 2015) (applying Rule 9(b) standard to plaintiffs' negligent misrepresentation claim where claim was based on allegations that the defendant made "deliberate mispresentat[ions]"); *Zuniga v. Am. Home Mortgage*, 2016 WL 6647932, at *2–3

4

(D.N.J. Nov. 8, 2016) (applying Rule 9(b) standard to plaintiffs' claim for unjust enrichment where claim "sound[ed] in fraud").

Here, all four counterclaims are based on Plaintiff's submitting false Commission Statements to RateIntegration's finance team despite being aware of the Sales Commission Policies at the company. (*See* D.I. 69-1 at p. 30 ¶¶ 10–11). Thus, the theory underlying these claims "sounds in fraud." Accordingly, Defendants' counterclaims must meet the Rule 9(b) pleading standard.

Rule 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "In order to satisfy Rule 9(b), [a plaintiff] must plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of Am.*, 361 F.3d 217, 223–24 (3d Cir. 2004). Accordingly, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Further, the plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation." *Lum*, 361 F.3d at 224.

In my opinion, Defendants' counterclaims do not meet the stringent pleading requirements of Rule 9(b). Defendants' proposed amendment identifies specific calendar quarters in which Plaintiff allegedly submitted false statements to the finance team. (*See* D.I. 69-1, p. 30 at ¶ 11 (identifying the calendar quarters ending in December 2009 and March, June, September, and December 2010, 2011, 2012, 2013 and 2014)). Nowhere in the pleadings, however, do Defendants provide the general content of the misrepresentations. They state only

5

that Plaintiff "submitted false Commission Statements." (*Id.*). That allegation does not provide detail sufficient to put Plaintiff on notice of the precise misconduct with which he is charged. Thus, I think Defendants' counterclaims fail to meet the heightened pleading standard of Rule 9(b).

In any event, the great bulk of Defendants' counterclaims are barred by the statute of limitations. Each of Defendants' counterclaims is subject to the three-year statute of limitations under 10 Del. C. § 8106.[1] *See In re Fruehauf Trailer Corp.*, 250 B.R. 168, 184 (D. Del. 2000) (citations omitted); *Clarkson v. Goldstein*, 2007 WL 914635, at *4 (Del. Super. Ct. Feb. 28, 2007); *see* 10 Del. C. § 8106. Under § 8106, "the statute of limitations begins to run, i.e., the cause of action accrues, at the time of the alleged wrongful act, even if the plaintiff is ignorant of the cause of action." *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *4 (Del. Ch. July 17, 1998), *aff'd mem.*, 725 A.2d 441 (Del. 1999). "Absent some reason to toll the statute or some other statutory provision extending the statute, the plaintiff must file suit within three years of the alleged wrongful act." *Fruehauf*, 250 B.R. at 184.

According to Defendants, the wrongful acts underlying their counterclaims occurred in December 2009 and March, June, September, and December 2010, 2011, 2012, 2013, and 2014. (D.I. 69-1, p. 30 at ¶ 11). Only claims arising out of the December 2014 "wrongful act" are not clearly barred by the statute of limitations since Defendants filed their proposed counterclaims in October 2017, that is, within the three-year time period.

---

[1] Plaintiff maintains that the one-year statute of limitations applies to Defendants' counterclaims, citing arguments Defendants made at the motion to dismiss stage. (D.I. 72 at 14). Defendants' earlier arguments are not a reason to conclude the one-year statute of limitations applies. In any event, as a matter of Delaware law, the three-year statute of limitations applies under 10 Del. C. § 8106.

6

As to claims arising out of the other calendar quarters, however, the three-year period has lapsed and Defendants have offered no reason to toll the statute of limitations. In fact, nowhere in their motion to amend do they mention the statute of limitations.

Given the nature of the allegations in the proposed counterclaims, it seems the doctrine of fraudulent concealment is the most likely theory under which the statute of limitations could be tolled in this case. To toll the statute of limitations, the doctrine of fraudulent concealment requires "an affirmative act of concealment by the defendant—an 'actual artifice' that prevents a plaintiff from gaining knowledge of the facts or some misrepresentation that is intended to put the plaintiff off the trail of inquiry." *Dean Witter*, 1998 WL 442456, at *5. Here, the proposed amendment contains no allegation of affirmative concealment nor do Defendants point to any such act in their motion. Further, "the statute will not be tolled beyond the time when [Defendants] acquired inquiry notice of the alleged wrongdoing." *Fruehauf*, 250 B.R. at 186. Again, Defendants have offered nothing on the issue of inquiry notice.

In light of the three-year statute of limitations that applies to Defendants' counterclaims and the absence of a theory under which to extend or toll that time period, I find that all but the claims arising out of the December 2014 "wrongful act" are time-barred.

Thus, while I do not think the factors of undue delay or prejudice require that I deny leave to amend, I must deny Defendants' motion in light of the futility of their proposed amendment.

For the foregoing reasons, Defendants' motion (D.I. 69) is **DENIED**.

It is **SO ORDERED** this 23 day of May, 2018.

Richard G. Andrews<br>United States District Judge